## Stevenson's Executors' Appeal.

A bill of review is founded on equitable principles, and is never allowed to stand on strict law and against equity.

It will not, therefore, be allowed to review a guardian's account, in order to strike out payments made by him in relief of the estate, when there was no administrator, and in order to save the expense of an administration.

APPEAL from the Orphans' Court of *Allegheny county*.

This was a bill of review by Eli Flannigan, and Ellen his wife, formerly Ellen Newell, Susan Newell, and Sarah Jane Newell, children and heirs at law of Robert Newell, deceased, praying for a review of the final account of John Stevenson, deceased, who in his lifetime was guardian of the said Ellen, Susan, and Sarah Jane Newell, as filed by his executors, Samuel Stevenson and Philip H. Stevenson; and an appeal by the said executors from the decree of the Orphans' Court thereon.

Robert Newell, the father of the petitioners, died on the 2d January 1828, intestate, leaving a widow and five minor children;

[Stevenson's Executors' Appeal.]

of whom, the said John Stevenson, deceased, was appointed guardian, on the 20th February 1828.

Robert Newell died seised of a tract of 200 acres of land in Moor township, Allegheny county, called the Newell Farm; a part of which had been leased by him, in his lifetime, to Charles Berry, at $45 per annum. After his decease, John Stevenson, as guardian, re-let it to Berry, and received the rents for a number of years; the widow and children residing on the residue of the farm.

He was also entitled to an interest under the will of Joseph Warnick, deceased, who devised a tract of 163 acres of land to his widow for life, and after her death, he ordered the same to be sold by his executors, and one-third of the proceeds thereof to be paid to the said Robert Newell. On the 6th March 1834, the executors of Joseph Warnick sold this land to Samuel Vance, who conveyed it to John Purdy, subject to the payment of the purchase-money, and one-third part thereof was subsequently paid to John Stevenson, as guardian of the children, and agent of the widow of Robert Newell, deceased.

At the time of his decease, Robert Newell was not possessed of any personal estate, and was indebted to the amount of about $500. In order to save the expense of an administration, Stevenson, the guardian (at the instance of the widow), induced the creditors to postpone the collection of their claims, until he could pay them out of the rents; which he did, from time to time, receiving vouchers therefor as guardian.

John Stevenson, the guardian, died on the 17th October 1854, never having settled or filed an account. And on the 22d July 1856, the following account was filed by his executors:—

*Final account of Samuel and J. H. Stevenson, Executors of John Stevenson, Esq., who was Guardian of William R., Margaret A., Ellen, Susan, and Sarah Jane Newell.*

## Dr.

Accountants charge themselves with all and singular, the moneys and property, which came to the hands of the said John Stevenson, Esq., deceased, as guardian of said minors, to wit:

| | |
|---|---|
| To rent received for Newell's Farm, 1828–29, . . . . . | $73 30 |
| "   "   "   "   "   Chs. Berry, for 1830, . . | 64 00 |
| "   "   "   "   "   "   "   1831, . . | 56 00 |
| "   "   "   "   "   "   "   1832, . . | 55 00 |
| "   "   "   "   "   "   "   1833, . . | 55 00 |
| "   "   "   "   "   "   "   1834, . . | 55 00 |
| "   "   "   "   "   "   "   1835, . . | 55 00 |
| "   "   for small house, from S. Porter, . . . . | 6 00 |

On April 1, 1835, delivered farm to widow and minors, for their support and maintenance.

| | |
|---|---|
| To cash received at sundry times from John Purdy, the vendor of the 40½ acres, devised by Jos. Warnick to Robert Newell's widow and minor children, to wit: . . . . . . . . | 264 00 |
| | — |
| Total, . . . . . . . | $683 30 |

[Stevenson's Executors' Appeal.]

Cr.

Accountants crave allowance for the following credits and payments made by the said John Stevenson, Esq., deceased, for and on account of said minors, and for their estate.

| | | | | $ | |
|---|---|---|---|---|---|
| 1. Feb. 20, 1828, By cash, paid Pentland, clerk, for certificate of appointment, | | | | 1 | 00 |
| Deduct widow's ⅓ rent of farm to 1835, $419.30, | | | | 139 | 76 |
| By cash, paid taxes of Newell Farm, to 1835, | | | | 27 | 93 |
| 2. Ap'l 18, 1833, " " John Morgan, surveying farm, | | | | 12 | 00 |
| 3. May 22, 1829, " " W. W. Fetterman, prof. services, estate, | | | | 10 | 00 |
| 4. May 26, 1832, " " E. Pentland, judg't, costs, &c. 248 Aug. T. '27, | | | | 76 | 64 |
| 5. Jan. 23, 1830, " " Samuel Spencer, | | | | 5 | 32 |
| 6. May 27, 1831, " " A. Potter, judg't, v. Robert Newell, | | | | 6 | 45 |
| 7. May 30, 1830, " " Sheriff Caven, holding judgment on property, | | | | 7 | 82 |
| 8. Ap'l 24, 1833, " " Pro. M'Candless, costs in ex., 96 Jan. T. '25, | | | | 12 | 51 |
| 9. May 19, 1834, " " B. Coyle, money loaned minors' father, | | | | 3 | 00 |
| 10. May 10, 1830, " " James Crawford, def't v. Robert Newell, | | | | 3 | 97 |
| 11. May 10, 1830, " " S. R. Holmes, & Holmes & Hughey, | | | | 21 | 00 |
| 12. Jun. 14, 1832, " " Chs. M'Millen, debt. Robt. Newell, | | | | | 58 |
| 13. Ap'l 10, 1833, " " W. W. Fetterman, serv's to minors, | | | | 25 | 00 |
| 14. Ap'l 30, 1833, " " John Walker, debt. Robert Newell, | | | | 12 | 00 |
| 15. Aug. 31, 1830, " " E. Worth, appraisem't of property, | | | | 1 | 00 |
| 16. Sept. 5, 1828, " " Jos. Moore, debt. of Robt. Newell, | | | | 5 | 00 |
| 17. Ap'l 4, 1831, " " Robt. Cooper, note, date Jan. 29, '25, | | | | 31 | 25 |
| 18. Aug. 25, 1832, " " Jas. M'Elroy, coffin, Robt. Newell, | | | | 8 | 93 |
| 19. Aug. 25, 1832, " " Jas. M'Elroy, note in full, | | | | 13 | 88 |
| 20. Aug. 25, 1832, " " Jas. M'Elroy, note in full, | | | | 5 | 32 |
| 21. July 31, 1829, " " A. Means inquisition, | | | | 1 | 00 |
| 22. May 14, 1834, " " John Smith, minors R. Newell, | | | | 5 | 00 |
| 23. Dec. 26, 1833, " " Wm. Elliott, debt. Robt. Newell, | | | | 5 | 00 |
| Ap'l 29, 1833, " " A. Johnston, debt. Robt. Newell, | | | | 5 | 31 |
| Jan. 14, 1839, " " J. Stevenson, as per order of date, | | | | 19 | 37 |
| May 1834, " " Mrs. Newell, | | | | 15 | 00 |
| " " Mrs. Newell, | | | | 5 | 00 |
| " " Wm. M'Candless, | | | | | 25 |
| " " Mrs. Newell, | | | | 5 | 00 |
| " " Jas. M'Kinley, | | | | 3 | 33 |
| " " Simon Morgan, judg't on docket, | | | | 10 | 00 |
| " " John M'Combs, | | | | 2 | 37 |
| " " Clerk of court, | | | | | 87 |
| " " Register, | | | | | 25 |
| " " " per order of division, | | | | | 75 |
| " " Wm. Hood judgment, | | | | 1 | 75 |
| To 4 days attending at court to set aside valuation, | | | | 6 | 00 |
| " attending to choose men to value, and getting | | | | | |
| " order of valuation, | | | | 3 | 00 |
| " going to Pittsburgh for partition, | | | | 1 | 50 |
| " 1 day attending at Pittsburgh, | | | | 1 | 50 |
| " 2 days surveying and dividing property, | | | | 2 | 00 |
| " attending at valuation, | | | | 1 | 00 |
| | | | | $525 | 61 |

[Stevenson's Executors' Appeal.]

|  |  |  |  |
|---|---|---|---:|
| Amount brought over, . . . . . . . | | | $525 61 |
| To attending 1 day at court, . . . . | | | 1 50 |
| " attending at Pittsburgh, to choose or refuse valuation, . . . . . . . | | | 1 50 |
| Ap'l | 1830, " 1 day at Pittsburgh, . . . . . | | 1 50 |
| Aug. | 1830, " attending at Pittsburgh, and taking property at valuation, . . . . . . . | | 1 50 |
| " 5 bushels wheat, at 62½ cents per bushel, . | | | 3 12 |
| Ap'l 18, 1837, By cash, paid Mrs. Newell, . . . | | | 5 00 |
| " " Black & Mellon, making out acc't, | | | 20 00 |
| " " for pew, . . . . . | | | 3 00 |
| " " 7 years' services as guardian, . | | | 30 00 |
| " " Register, filing this account, . | | | 7 50 |
| Total, . . . . . . . . | | | $600 23 |

☞ Accountants have charged the estate of John Stevenson with four years' rent of farm, as though the whole amount had been received, believing him to have been responsible for the amount due by the tenant, although the rent was not all paid.

### W. R. Newell's Account.

|  |  |  |  |  |  |
|---|---|---|---|---|---:|
| | By his proportion of expenses of Trust, | | | $120 94 | |
| March 20, 1830, | " " paid him as per receipt, No. 26, | | | 25 00 | |
| April 8, 1837, | " " cash " " No. 27, | | | 60 00 | |
| April 3, 1837, | " " " " " No. 28, | | | 6 99 | |
| | | | | $212 93 | |
| Due him for his one-fifth of rent, . . . . . . . | | | | 136 66 | |
| Balance due account by W. R. Newell, . . . . . | | | | $ 76 27 | |

### Margaret Newell's Account, (now intermarried with Keys.)

|  |  |  |  |
|---|---|---|---:|
| By her one-fifth expenses of Trust, . . | | $120 94 |
| Jan'y 7, 1839, " cash paid her ag't, W. Newell, receipt 29, | | 17 00 |
| May 7, 1842, " " " " " 30, | | 20 00 |
| July 11, 1842, " " " " " 31, | | 19 56 |
| | | $177 50 |
| Amount due her, one-fifth of rents, &c., . . . . . . | | 136 66 |
| Balance due account by Margaret Keys, . . . . | | $ 40 84 |

### Ellen Newell's Account, (intermarried with E. Flannigan.)

|  |  |  |  |
|---|---|---|---:|
| By her one-fifth expenses of Trust, . | | $120 94 |
| Sept'r 29, 1840, " cash paid as per receipt, No. 32, . | | 40 00 |
| May 17, 1840, " " " " No. 33, . | | 10 00 |
| | | $170 94 |
| Amount due her, one-fifth of rents, &c., . . . . | | 136 66 |
| Balance due account by Ellen Flannigan, . . . | | $ 34 28 |

### Susan Newell's Account.

|  |  |  |  |
|---|---|---|---:|
| By her one-fifth expenses of Trust, &c., . . . . | | $120 94 |
| " cash paid her as per receipt, No. 34, . . . | | 5 00 |
| " " " " No. 35, . . . | | 5 00 |
| " " " " No. 36, . . . | | 43 50 |
| | | $174 44 |
| Amount due her, one-fifth real estate, . . . . | | 136 00 |
| Balance due account by Susan Newell, . . . . | | $ 37 78 |

[Stevenson's Executors' Appeal.]

SARAH JANE NEWELL'S ACCOUNT.

| | | |
|---|---|---|
| By her one-fifth expenses of Trust, &c., . . . | $120 94 | |
| " cash paid her as per receipt, No. 36, . . . | 43 50 | |
| | | $164 44 |
| Amount due her one-fifth of real estate, . . . . . | | 136 66 |
| Balance due account by Sarah Newell, . . . . . | | $ 27 78 |

This account was confirmed on the 24th March 1856; and on the 18th September 1856, the petitioners filed their bill of review, wherein they specified the following errors in the account as confirmed:—

1. Ellen Newell, intermarried with said Eli Flannigan, alleges that said executors and accountants are entitled to no part of the credits, amounting to the sum of $174.44, claimed by them in said account as against said Ellen, and that the whole of said credits, as set forth in said account and claimed by said accountants, is error, with the exception of ten dollars.

2. And said Susan Newell alleges that said accountants are not entitled to any of the credits, amounting to the sum of $174.44, claimed by them in their said account, and that the entire claim of said credits, as against her, is error.

3. And the said Sarah Jane Newell, on her behalf, alleges that the said accountants are not entitled to any portion of the credits claimed by them in said account, amounting to the sum of $164.44, as against her, and that the whole of said claim is error.

4. They all further allege error in said account, for the reason that to each of your petitioners the accountants should have charged themselves with the sum of $162.66, instead of $136.66, the sum which they now charge themselves, the said guardians having received for and on account of each of your petitioners the sum of $26 over and above the sum they have charged themselves with, on rents for the real estate of your petitioners.

5. They also allege error in said account in this that accountants have not charged themselves with the whole of the money received for the sale of the Warnick land, by their guardian aforesaid.

6. They further allege as error, all that part of said account which purports to be the settlement of an administration account of the estate of said Robert Newell, deceased, by the said John Stevenson, guardian as aforesaid, as presented by his executors, and which forms part of said guardian's account.

The court referred the case to an auditor, before whom the parties appeared, and entered into the following stipulation:—

"It is hereby agreed, by the counsel of both sides, that all questions of law and fact are reserved for the determination of the court, on the auditor's report, with like effect as if a demurrer or answer had been filed by the accountants to the petition."

[Stevenson's Executors' Appeal.]

The auditor rejected all the credits claimed as administrator, and charged the accountant with $600, as having been received under the will of Joseph Warnick, deceased; he also struck out the credit claimed for voucher No. 32, and one-half of the credit claimed for voucher No. 36, as a payment to Sarah Jane Newell; these sums having been paid to William R. Newell, as his sisters' agent, but not having been paid over to them by him.

From the testimony the auditor reported that, in his opinion, the accountant was chargeable with the sum of $1109, as follows:—

DR.

| | | |
|---|---|---|
| Rent of farm for the years 1828–'9, at $45 per annum . | $90 | 00 |
| "       "       " year 1830, as charged by account, | 64 | 00 |
| "       "       " years 1831, 1832, 1833, 1834, and 1835, at $55 per annum, . . . . . . | 275 | 00 |
| Rent received from Vance, . . . . . . | 40 | 00 |
| "  of small house from Porter, . . . . | 40 | 00 |
| Amount received from sale of farm to Purdy, . . | 600 | 00 |

$1109  00

CR.

| | | |
|---|---|---|
| To Black & Mellon's counsel fee, . . . . . | $20 | 00 |
| To services as guardian, . . . . . | 30 | 00 |
| To services of W. W. Fetterman, . . . . . | 25 | 00 |
| To Register's fees, . . . . . . . | 7 | 50 |

82  50

$1026  50

One-fifth of which, to wit, $205.30, is due to each of said petitioners, as follows, to wit:—

ELLEN NEWELL.                              $205  30

| | | | |
|---|---|---|---|
| Less one-fifth of expenses, . . . . . | $16 | 50 | |
| Less amount of voucher, No. 33, . . . . | 10 | 00 | 26  50 |

Balance due Ellen Newell, . . . . . .                $178  80

SUSAN NEWELL.                              $205  30

| | | | |
|---|---|---|---|
| Less one-fifth of expenses, . . . . . | $16 | 50 | |
| Less amount of voucher, No. 34, . . . . | 5 | 00 | |
| "       "       " 35, . . . . | 5 | 00 | |
| "       "       " 36, . . . . | 43 | 50 | 70  00 |

Balance due Susan Newell, . . . . . . .              $135  30

SARAH JANE NEWELL.                         $205  30

| | | |
|---|---|---|
| Less one-fifth of expenses, . . . . . | $16 | 50 |

Balance due Sarah Jane Newell, . . . . .             $188  80

| | | |
|---|---|---|
| Aggregate amount due petitioners, . . . | $502 | 90 |
| Costs of witnesses, &c., per probated bill, . . | 18 | 94 |
| Auditor's fee, . . . . . . . . | 75 | 00 |

Amount chargeable to accountant, . . . .             $596  84

[Stevenson's Executors' Appeal.]

The executors excepted to this report, but the court below overruled the exceptions, and confirmed the report absolutely; whereupon this appeal was taken.

*Roberts & Mellon*, for the appellants, cited *Lube's Equity* 177; *Story's Eq.* §§ 413, 414; *Brightly's Eq.* § 940; Bishop's Appeal, 2 *Casey* 470; 3 *Rawle* 248; 5 *Watts* 90; 2 *Jones* 262; 10 *Barr* 469; 7 *Harris* 473; *Story's Eq. Pl.* § 204; 3 *Dan. Ch. Pr.* 1724; 2 *Hoffm. Ch. Pr.* 2; 3 *Id.* 178; Kachlein's Appeal, 5 *Barr* 95; *Brightly's Eq.* § 864; Price v. Johnston, 4 *Yeates* 526; 4 *Kent* 40; Allison v. Wilson, 13 *S. & R.* 332; Wells v. Sloyer, 3 *Penn. L. J.* 203; Act 8th April 1833, *Brightly's Purd.* 452; Eyster's Appeal, 4 *Harris* 372; Bones's Appeal, 3 *Casey* 492; Bell's Estate, 1 *Id.* 92.

*Loomis & Flenniken*, for the appellees, cited George's Appeal, 2 *Jones* 262; Thompson v. McGaw, 2 *Watts* 162.

The opinion of the court was delivered by

LOWRIE, C. J.—There was a final decree on this account, and the case was so treated by filing a bill of review. In strict law, therefore, the account is regarded as finally settled, and it is only on equitable principles that it can be opened. A bill of review is always founded on these principles, and proceeds according to them, and is never allowed to stand on strict law and against equity.

It is entirely against equity to allow a review of a guardian's account in order to strike out payments made by him in relief of the estate, when there was no administrator, and in order to save the expense of one. Such payments do not diminish the estate of the wards, and the absence of the regular legal forms in making them, furnishes no equity for throwing the burden of them on the guardian. These items must, therefore, be restored to the account. Voucher No. 36, for $87, seems also to have been paid in relief of the estate, and ought to stand as a general credit; and these make the whole credits on the general account amount to $687.23.

The $64 rent charged to the accountant in 1830 was no doubt partly for rent of 1829. The rent for 1830 ought not to exceed $55. Correcting this error, and another admitted one of $100, in the auditor's report, leaves the whole amount of charges $1000; and, deducting the credits, the balance is $312.77. But the aggregate charges come from rents, and from a legacy to the decedent, payable out of the proceeds of land, and, therefore, personalty. Consequently the widow was entitled to one-third of this balance, and only two-thirds of it, $208.52, belongs to the wards, or $41.70 to each.

[Stevenson's Executors' Appeal.]

We see nothing to invalidate the charges made against Ellen. The testimony of W. R. Newell rather confirms than disproves item No. 33 of $40. She has therefore been paid $50. Susan received $10, and Sarah Jane nothing. The other wards are overpaid, but the accountants cannot have a decree for over-payments. Susan and Sarah are entitled to interest on their shares.

> The decree of the Orphans' Court is reversed, and it is now here ordered, adjudged, and decreed that the accountants have fully accounted for the trust committed to their testator, John Stevenson, except as to the shares of his wards, Susan Newell and Sarah Jane Newell, and that the bill of review, so far as relates to the claim of Eli Flannigan and wife, be dismissed, and that he pay one-third of the costs of the proceeding. And it is further ordered and decreed that the accountants pay unto Susan Newell the sum of sixty-seven dollars, and to Sarah Jane Newell the sum of eighty-eight dollars, and that the accountants pay one-third of the costs, and the said Susan one-sixth, and the said Sarah Jane one-sixth. And the cause is now remanded to the Orphans' Court that this decree may be there entered and carried into execution.