## Green's Appeal.

| 59 | 235 |
|----|-----|
| 208 | ¹598 |

| 59 | 235 |
|----|-----|
| ₁227 | ³503 |

1. Petitions in the Orphans' Court under the Act of October 3d 1840, are governed by the principles and rules which prevail in Chancery as to bills of review, and which have been followed there since Lord Bacon.

2. A review as a matter of right can be had only: (1.) For error of law appearing in the body of the decree: (2.) New matter which has arisen after the decree.

3. It may be allowed *ex gratia* for new evidence as to facts subsequently discovered, which could not have been procured by due diligence before.

October 26th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Orphans' Court of *Armstrong county*: No. 93, to October and November Term 1868.

John W. Green, the appellant, guardian of Ann Jane Dickey (now Summerville), filed his account November 6th 1863, by which it appeared there was a balance of $285.86 in his hands due his ward. To this account exceptions were filed by the ward, who had arrived at age in 1861, which, with the account, were referred to John W. Rohrer, Esquire, as auditor. On the 6th of June 1864, he made his report, charging the guardian with:—

| | |
|---|---:|
| Balance on his account, as filed, . . . . | $285.86 |
| "Balance in the hands of G. F. Keener," former guardian, with interest to the filing of the account | 253.58 |
| "Balance in the hands of Boyle and Low," unaccounted for, with interest to same date . . . | 340.90 |
| | $880.34 |
| Interest from November 6th 1863 to May 1864 . | 28.16 |
| | $908.50 |

The amount "in the hands of Boyle and Low," with which the auditor charged the accountant, was the balance due on a mortgage given by them for the purchase-money of real estate of the ward. The auditor, amongst other things, reported that Green had satisfied the mortgage against Boyle and Low, and therefore they could not be pursued by the ward, if she had been otherwise bound to do so.

The guardian, June 3d 1864, filed exceptions, that the auditor erred :—

" 1. In charging him with the balances in the hands of Keener and Boyle and Low.

" 2. In charging the accountant with more interest than he charged himself with.

" 3. In stating that the accountant had discharged the mortgage of Boyle and Low.

" 4. In charging accountant with funds that did not come into his hands."

The report and exceptions were, June 5th, referred back to the auditor, who reported that he sat June 8th and 9th 1864, but that no evidence or further explanations in regard to the accounts or exceptions were laid before him, that none of the exceptions could be sustained on the evidence, that the original report was correct and should be confirmed, after deducting $255, paid since its first confirmation. The report was confirmed July 13th 1865.

On the 7th of March 1867, the guardian presented a bill for review of the decree of the court confirming the report of the auditor. The bill set out, amongst other things, that the balance due from Keener can be collected from him and cannot be proved to have been lost by the accountant's negligence; that in a settlement for the Boyle and Low mortgage, originally $911.25, there was found due from the mortgagors the sum of $91.25, which was paid to Green and a receipt for that amount given by him as the balance due on the mortgage, and that the sum of $120 was all he had received besides on account of the mortgage; that " within the two months last past, he had been informed by a man that he, said man, saw, about the 1st of October last, two notes in said Keener's possession, payable to said Keener, calling for $404 each, and in both of said notes it was stated that they were for money belonging to said Ann Jane Dickey. Before the confirmation of said auditor's report appellant endeavored to find Cantwell, Boyle and Forquer, to prove by them the payments mentioned in said calculation which were made to said Keener; Boyle was absent from the county, and appellant could not ascertain where he was; Forquer was in the army; and he could not find where Mr. Cantwell was in time to give the requisite notice to take his deposition before the special court held in July 1865, when said auditor's report was confirmed."

[Green's Appeal.]

In the bill of review he specifically assigned the following errors to the auditor's report:—

1. The erroneous basis on which the auditor's calculations were made in restating said account.

2. Even if the petitioner were legally chargeable with the money of his ward that did not come into his hands, he is charged with too much in said restated account.

3. The auditor in his final report, stated that petitioner paid, 18th June 1864, only $255, whereas he then paid $285.

4. The auditor, in restating said account, charged petitioner with a balance of $908.50, whereof $623.64 never came into his hands.

5. The auditor, in restating said account, wrongfully charged petitioner with the money of said ward that did not come into his hands unless it were proven, as it was not, that it was lost by his negligence.

The ward filed an answer setting out the proceedings as above stated. The Orphans' Court, April 9th 1869, dismissed the bill. On appeal to the Supreme Court he assigned for error:—

1. The dismissing his bill inasmuch as it sets forth errors of law apparent on the face of the record, viz., the appellant's being unlawfully charged, in the account restated by the auditor, with a large sum of money that he never received; and with interest while his account was pending in the Orphans' Court on exceptions filed thereto.

2. Not granting a review to the appellant to enable him to show by testimony which he could not use before the confirmation of the auditor's report, and especially by the new proof which, he states in his petition, came to light since its confirmation, that the money sought to be recovered from him is in Keener's hands, if it be material and necessary more satisfactorily to establish that fact than it is already established.

*R. W. Smith*, for appellant, cited, as to guardian's responsibility, Bull *v.* Towson, 4 W. & S. 557; Pim *v.* Downing, 11 S. & R. 66; Johnson's Appeal, 12 Id. 317; Nyce's Estate, 5 W. & S. 254; Springer's Estate, 1 P. F. Smith 342; Stern's Appeal, 5 Whart. 472; Calhoun's Estate, 6 Watts 188; Konigmacher *v.* Kimmell, 1 Penna. R. 214; Dilbaugh's Estate, 4 Watts 179; Charlton's Appeal, 10 Casey 474; Baskin's Appeal, Id. 272. As to the effect of a receipt: Bell *v.* Bell, 2 Jones 235; Byers *v.* Mullen, 9 Watts 269; Bolton *v.* Johns, 5 Barr 145. As to interest: Hoopes *v.* Britton, 8 Watts 73; Dietterich *v.* Heft, 5 Barr 94. As to right to a review: Hartman's Appeal, 12 Casey 70. Rules of Equity Practice, No. 38, 43, 47; Brightly's Eq. Jur. § 667; Story's Eq. Pl. § 852; Act of 13th October 1840, § 1, Pamph. L. 4 Purd. 769, pl. 48.

*J. B. Neale* and *E. S. Golden*, for appellee.—Review will not be granted without error in law apparent in the decree, or new matter arising since the decree: Riddle's Estate, 7 Harris 433; Hartman's Appeal, *supra;* Yeager's Appeal, 11 Id. 173.

The opinion of the court was delivered, November 2d 1868, by SHARSWOOD, J.—This is an appeal from the decree of the Orphans' Court of Armstrong county, dismissing the appellant's petition for review of his guardianship account, as restated by the auditor appointed by the said court to audit his final account as guardian of Ann Jane Dickey, since intermarried with William Summerville. It is now well settled that petitions of review in the Orphans' Court, as provided by the Act of Assembly of October 13th 1840, § 1, which directs the court to "give such relief as equity and justice may require," are to be governed by the principles and rules which prevail in the Court of Chancery as to bills of review, and which have been followed in that court ever since the time of Lord Chancellor Bacon.

A review can only be had as a matter of right in two cases: The first is for error of law appearing in the body of the decree, and the second for new matter which has arisen after the decree. It may also be allowed *ex gratia* for new evidence as to facts on which the decree was grounded which have been subsequently discovered, and which could not have been procured by the use of due diligence before: Riddle's Estate, 7 Harris 431; Bishop's Appeal, 2 Casey 470; Stevenson's Appeal, 8 Id. 318; Russell's Appeal, 10 Id. 258; Hartman's Appeal, 12 Id. 70.

All the five errors specifically assigned in the petition of review in this case were errors in fact in the decree. The allegation as to newly-discovered evidence, even admitting that the refusal of the court below to entertain the petition on that ground was re-examinable here, was not of the character required by the rules of law and equity on that subject. The appellant knew the facts and the witnesses, but he complains that they were then beyond his reach. He should have applied to the court for time to obtain their testimony. As to one of them, Boyle, his own allegation is that he was absent from the county, without showing any effort to obtain his testimony. As all three witnesses were to testify to the same fact, the evidence of any one of them would have been sufficient. The court below were right therefore in dismissing the petition of review.

Appeal dismissed, and decree affirmed at the costs of the appellant.