# Le Moyne's Appeal.

104   321
125   357
133   532

A year and a half after the confirmation of an executor's account, a petition for review or rehearing was filed by a party in interest, who resided in another state, averring that "since the confirmation of the account the petitioner has become aware of gross errors therein," specifying, as such errors, that the commissions allowed to the executors, as to certain items, were excessive, and as to other items no commissions should have been allowed. No averment was made that the petitioner did not have notice of the filing of the account before confirmation, nor was explanation given for delay in making the application for review. The court, on demurrer, dismissed the petition : *Held,* not to be error.

October 17th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Washington county :* Of October and November Term 1883, No. 148.

This was an appeal by John V. LeMoyne, from a decree sustaining a demurrer to a petition filed by him for a review or rehearing of the adjudication upon the account of Julius Le Moyne and V. Harding, executors of the will of Dr. F. J. Le Moyne, and dismissing his petition.

8 OUTERBRIDGE.—21

[Le Moyne's Appeal.]

The record showed the following facts : On March 11th 1881 the above named executors of Dr. F. J. Le Moyne, deceased, filed a partial account in the register's office of Washington county, which was duly confirmed by the Orphans' court, sec. reg., no exceptions having been filed thereto.

On November 9th 1882, the following petition was filed : Estate of Dr. F. J. Le Moyne, deceased.

The petition of John V. Le Moyne, a citizen of Chicago, Illinois, respectfully represents—That the petitioner is a son, and one of the heirs at law of the said F. J. Le Moyne, deceased, and is interested in the distribution of his estate. That on the 11th day of March, 1881, the executors of the last will and testament of said decedent settled in the proper office a partial account of their trust, and that said account was duly confirmed by this court. Since the final confirmation of said account the petitioner has become aware of gross error therein, as follows :

The compensation claimed by, and allowed to the executors is $9,500, which is largely in excess of what they should legally and properly receive, for the following reasons :

First. The accountants claim and receive commissions of about 5 per cent. upon the proceeds of real estate, to wit, $27,549.82. So far as the petitioner is informed, no extra services were rendered or unusual expense encountered in making sales, and he is advised and believes that this charge is excessive.

Second. The accountants claim and receive commissions of about 5 per cent. upon the whole amount of the inventory, to wit, $170,861.10. This charge is excessive and unreasonable, because

1. The individual indebtedness of the executors is included in said inventory, as follows :

| | |
|---|---:|
| Indebtedness of Julius Le Moyne. | $30,513.12 |
| Indebtedness of V. Harding. | 27,249.05 |
| Total. | $57,762.17 |

Upon this sum the petitioner is advised and believes no commissions should be allowed.

2. The following items form part of the said inventory :

| | |
|---|---:|
| Indebtedness of John V. Le Moyne. | $13,082.37 |
| Indebtedness of Mrs. C. L. Wills. | 6,149.15 |
| Indebtedness of Mrs. R. L. Wade. | 495.40 |
| Bequest to Julius Le Moyne. | 583.00 |
| Bequest to J. and M. Le Moyne. | 657.50 |
| Bequest to Dr. F. Le Moyne. | 220.00 |
| Bequest to daughters (Library). | 40.00 |
| Total. | $21,227.42 |

[Le Moyne's Appeal.]

Upon this sum the petitioner avers that the compensation allowed is excessive for the reason that the only duty required or performed was the taking of receipts for the several amounts from the respective heirs.

3. The indebtedness of the petitioner, as set out in the inventory is $13,082.37, being $4,532.62 with interest thereon, counted at the rate of 10 per centum per annum, from 1st January, 1861 to 12th November 1879. At the legal rate of interest this indebtedness would amount to only $9,667.81, showing an excess of $3,414.56. Upon this excess no commissions should have been allowed.

Third. The accountants claim credit for the sum of $16,664.18 as "uncollected and undisposed" assets. Upon this sum, which is embraced in the inventory, no commissions should have been allowed.

On account of these errors the balance for distribution is largely reduced, to the prejudice of the interests of the petitioner and other heirs. He therefore prays, First. That the decree confirming said account be lifted, and a rehearing be granted as to so much thereof as is alleged to be erroneous, Second. That your honor grant such other and further relief as justice and equity may require.

The said executors filed a demurrer to the petition, on the grounds that no error of law is alleged to exist in the decree : no new matter is averred : and that petitioner might by the use of reasonable diligence have discovered these matters before the confirmation of the account.

The court, in an opinion by HART, P. J., held that the petitioner had not stated such a case as entitled him to the relief prayed for, and entered a decree sustaining the demurrer and dismissing the petition.

The petitioner took this appeal, assigning for error the said decree.

*Todd* (*Dougan* with him), for the appellant, cited : George's Appeal, 2 Jones, 260 ; Mitcheson's Estate, 11 W. N. C. 240 ; McNeel's Estate, 18 P. F. S. 412 ; Milne's Appeal, 3 Out. 483.

*Aiken* (*Duncan* with him), for the appellee, cited : Bishop's Appeal, 2 Casey 470 ; Hamill's Appeal, 7 Nor. 367 ; Wetherill's Estate, 8 W. N. C. 238 ; Green's Appeal, 59 Pa. St. 238.

The opinion of the court was filed October 29th 1883.

PER CURIAM. The application of the appellant was substantially a bill of review. As a matter of right a review can be had in two cases only, one for error apparent on the face of the record, the other for new matter that has arisen since the decree : Green's Appeal, 9 P. F. Smith 235. It may be allowed ex

[Foster *v.* Berg & Co.]

gratia for new evidence as to facts discovered after decree made, which could not have been procured by the exercise of due diligence before : Id.

No one of these grounds is averred in the petition. It is not alleged that the accountants should have charged themselves with any item, which is omitted from their account filed and confirmed. The question is purely whether the appellant may now show that they then charged an excessive sum for their services. Presumably he had notice of the sum charged before the account was confirmed. He appears to have been satisfied with it. More than a year and a half after the same was filed, he made this application to open the decree. It is true, in his petition he alleges that since the final confirmation of the account he has become aware of gross errors therein, but he wholly omits to state any reason why he did not, or could not, by the exercise of reasonable diligence, have discovered all those errors before the account was finally confirmed. His claim for relief must rest on his averments.

We therefore think the learned judge was clearly right in sustaining the demurrer, and in dismissing the petition.

Decree affirmed and appeal dismissed at the costs of the appellant.