# APPEALS OF MARY C. FLETCHER.

[ESTATE OF CONRAD F. CLOTHIER, DECEASED.]

</div>

FROM THE DECREES OF THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

<div align="center">Argued March 26, 1889—Decided April 8, 1889.</div>

1. A petition for review will not be allowed where it appears that the petitioner instructed her counsel not to appear for her at the audit; that no exceptions were filed on her behalf, and the adjudication was confirmed absolutely; that a year had elapsed since the confirmation of the account, and that distribution had actually been made as directed by the adjudication.

(a) A testator, the bulk of whose estate was in a firm of which he was a member, had advanced to a married daughter, one of five children, $10,000, and in his will directed his moneys in the firm to remain there for five years or while the senior member continued a partner thereof, the firm to give their obligation for the money and paying the interest to the executors; "for the benefit of my wife, Mary V. and my children."

(b) He further provided that at the end of five years, or on the withdrawal of the senior partner of the firm, his executors were to withdraw all his moneys therefrom, and $40,000 thereof they were to invest and as each of four of his children should arrive at the age of 21 years, he or she was

to be paid by them one equal fourth part of said sum with its accumulations, absolutely.

(c) He then gave to his executors, in trust for his five children, $100,000, one fifth to each of them, and directed that the interest during the minority of his children should be paid to his wife for their clothing, maintenance, education and support, and by a subsequent clause of his will he gave the residue of his estate to his wife absolutely.

(d) The firm refused to retain the testator's moneys at the rate of interest designated by him and paid over to the executors $163,504, with their due-bill for the payment of the balance, to wit, $187,500, on demand; whereupon the married daughter claimed that the whole estate constituted a single fund, to be invested and the income thereof to be divided to the widow, herself and the other four children, to each one sixth.

2. In such case it was not error to refuse to disturb a former adjudication and distribution of the $163,504 paid in cash to the executors by the firm, the adjudication thereof having been confirmed without exception, and to award the balance in the hands of the firm to the widow absolutely.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

Nos. 402 and 403 January Term 1888, Sup. Ct.; court below, No. 304 April Term 1886, O. C.

Conrad F. Clothier died on January 1, 1886, leaving to survive him a widow, Mary V. Clothier, and the following children: Mary C. Fletcher, John B., Lillian F., Conrad F., and Albert E. C. Clothier. In his lifetime the decedent had been a member of the firm of Edwin H. Fitler & Co., and by his will duly admitted to probate, he provided:

8. " All the cash moneys belonging to me now lying in the hands of Edwin H. Fitler & Co., I hereby direct my executors to allow to remain in their hands for the period of five years after my decease (provided, however, that Edwin H. Fitler, the senior member of said firm, is alive and connected with that firm during that period), the said firm giving their obligations therefor, and paying to my executors, for the benefit of my wife, Mary V. Clothier, and my children, interest for the same semi-annually at the rate of seven per cent. per annum, the receipts for the payment thereof to be signed by all of my executors hereinafter named. I do further order and direct my executors hereinafter named, at the expiration of the said period of five years, or should the said Edwin H. Fitler, the present senior member of the said firm, be called away from this life or

withdraw from the said firm at any time within the said period of five years, then, and upon the happening of either event, to withdraw all the moneys belonging to me then remaining in the hands of the said Edwin H. Fitler & Co., and I order and direct my said executors to invest the same in the following manner, to wit: the sum of forty thousand dollars ($40,000) in trust nevertheless and to and for and upon the uses, intents and purposes following, that is to say, in trust to invest and keep safely and securely invested . . . . . and to collect and receive the interest on such investments from time to time, and the same to reinvest in like manner, and as each of my children, viz.: John Birely Clothier, Lillian Fitler Clothier, Conrad Fries Clothier, Jr., and Albert Edwin Clifton Clothier shall respectively attain the age of twenty-one years, then to pay and distribute to such child so coming of age one full equal fourth part of the said forty thousand ($40,000) dollars with its accumulations absolutely in fee.

9. "I give and bequeath unto my executors hereinafter named . . . . . the sum of $100,000 in trust . . . . . to pay the entire fifth part of the said net income, interests and profits, to my daughter Mary C. Fletcher for and during the full term of her natural life upon her own receipt, for her own sole and separate use and benefit, and from and immediately after the decease of my said daughter, then in trust to pay the said entire one fifth part or principal of her trust estate to such person or persons as she shall by her last will . . . . . appoint. As to one other fifth part of said net income, interests and profits, in trust to pay the same to my beloved wife for the clothing, maintenance, education and support of my daughter Lillian F. Clothier until she arrives at the full age of 21 years, and upon this further trust, from and immediately after her arrival at said age, then in trust to pay the said one fifth part of said net income, interests and profits to my said daughter for and during the full term of her natural life with remainder to her appointees by will, and as to the remaining three-fifths of said net income, interests and profits, to pay the same to my beloved wife for the clothing, maintenance, education and support of my sons John Birely Clothier, Conrad F. Clothier, Jr., and Albert E. C. Clothier, until they respectively attain the age of twenty-one years, then in trust to pay to such son the entire principal of his trust estate absolutely in fee.

10. " All the rest, residue and remainder of my estate, real, personal or mixed whatsoever and wheresoever, I give, devise and bequeath to my beloved wife, Mary V. Clothier, absolutely in fee."

On May 31, 1886, the account of the executors was filed showing that Edwin H. Fitler & Co. had paid on account of the amount remaining in their hands the sum of $163,504.12 and had given the executors a due-bill for $187,500. The auditing judge awarded to the accountants, in trust, $40,000, in accordance with the eighth clause of the will, and $100,000 in trust in accordance with the ninth clause of the will. He awarded also to the accountants the balance in the hands of Edwin H. Fitler & Co., represented by the due-bill, to be held and collected by them and thereafter accounted for. The balance of the personal estate was awarded to Mary V. Clothier.

Mary C. Fletcher was not present at this audit, and her counsel, though sent for, acting under the instructions of his client, declined to appear. No exceptions being filed, the account was confirmed absolutely on July 3, 1886. Subsequently, out of the award of $40,000, the sum of $10,000 was paid to John B. Clothier, and $10,000 to Lillian F. Clothier. Out of the award of $100,000, the sum of $20,000 was paid to John B. Clothier.

On June 25, 1887, Mary C. Fletcher presented a petition praying the court to grant a rehearing and review of the adjudication and account. The court dismissed the petition. Subsequently, Mrs. Fletcher presented another petition praying leave to file nunc pro tunc the following exceptions, to wit: that the auditing judge erred:

1. In finding as follows: " There appears to be no reason why the legacy of $40,000 provided for in the eighth clause of the will, and the legacy of $100,000 provided for in the ninth clause of the will, should not be immediately paid, out of the moneys in the hands of the executors received from E. H. Fitler & Co." [1]

2. In awarding distribution of said sums of $40,000 and $100,000, respectively. [2]

3. In not awarding the moneys in the hands of Edwin H. Fitler & Co. to the executors, as trustees in the eighth and ninth clauses of said decedent's will. [3]

4. In not awarding the fund coming into, the hands of the firm of E. H. Fitler & Co., and still remaining in their hands, to the executors as trustees, to be invested for the benefit of the widow and .her children during the period of five years after the decease of said testator.[4]

The court dismissed this petition.

On July 26, 1887, the account of the trustees was filed. The auditing judge, ASHMAN, J., awarded the sum of $187,500 evidenced by the due-bill of Edwin H. Fitler & Co., to Mary V. Clothier. Mary C. Fletcher thereupon filed the following exceptions to the adjudication, to wit: that the auditing judge erred:

2. In awarding the fund of $187,500, evidenced by the due-bill of Edwin H. Fitler & Co., to Mrs Mary V. Clothier.[2]

3. In not awarding to Mrs. Mary C. Fletcher, one sixth of the income derived from said fund of $187,500 in the hands of Edwin H. Fitler & Co.[3]

4. In not awarding that the fund received by the accountants from Edwin H. Fitler & Co., to wit: not only the $40,000 and the $100,000, but also the $187,500 still in the hands of Edwin H. Fitler & Co., should be held and invested by the accountants as a single fund, for the period of five years after the death of said decedent, and that out of the net income derived therefrom during said period there should be paid to Mrs. Mary C. Fletcher one sixth thereof; and in not awarding that the said trust for five years was a valid and subsisting one, of which Mrs. Mary C. Fletcher was entitled to the benefit.[4]

These exceptions were dismissed and the account was confirmed absolutely, opinion by FERGUSON, J. Thereupon Mrs. Fletcher took these appeals, specifying in

No. 402, that the court erred:

1-4. In dismissing her exceptions to the adjudication of the executor's account.[1] [4]

In 403, that the court erred:

2-4. In dismissing her exceptions to the adjudication of the trustee's account.[2 to 4]

*Mr. James R. Booth* and *Mr. M. Hampton Todd*, for appellant:

Opinion of the Court.

*Mr. John Sparhawk, Jr.*, for appellees:

PER CURIAM:

The only question we need consider is the disposition of the fund of $187,500, remaining in the hands of Edwin H. Fitler & Co. The other questions under the will were disposed of by the adjudication of the account of the executors. No exceptions were filed to that adjudication and it was confirmed absolutely. More than a year thereafter the appellant came in by petition and asked to have that adjudication reviewed. It was not for a bill of review under the act of 1840, and had it been, it must have been disallowed, as it did not come within the terms of that act. On the contrary, it was for the mere purpose of filing exceptions to the adjudication. This was ex gratia and rested in the sound discretion of the court below. The learned judge has given excellent reasons for refusing the request of the appellant. She not only knew of the adjudication, but her counsel was sent for by the court and declined to appear, acting under instructions from appellant. She cannot play fast and loose in this way, and trifle with the court. Having refused to appear at the adjudication, the door is now closed against her: LeMoyne's App., 104 Pa. 321.

The scheme of the testator's will is very apparent. · He had given his married daughter, Mary C. Fletcher, the appellant, the sum of $10,000 in his lifetime. He therefore provides that his other four children shall have a like sum of $10,000 each upon arriving at full age. He then gives a sum of $100,000 in trust for his five children, amounting to $20,000 each. This was all he intended to give his children. The balance, which comprised the bulk of his estate, he gives to his wife. But as the married daughter had received her education and the benefits which a residence in an elegant home furnishes, prior to her marriage, and as his other children were all young, and to be educated, he gave the benefit of the whole fund in the hands of E. H. Fitler & Co., for five years, to his wife for the purpose of providing a home, maintenance and education for the minors. But the firm declined to keep the money at the high rate of interest mentioned in the will, paid a portion of it off, and retained the residue at 4½ per cent. Under these circumstances we are of opinion that the provisions of the will

·in regard to the $40,000 and the $100,000 took effect. The appellant has no cause to complain of this. She was not entitled to anything but the interest on the one fifth of the $100,000 referred to in the ninth paragraph. The testator never intended her to have any portion of the interest on the fund in the hands of E. H. Fitler & Co. If that were to be divided at all it would have to be divided equally between the widow and all the children, thus giving the former only one sixth with which to keep up the large and costly establishment which he had provided as a home for his wife and minor children. Such a construction would destroy the whole scheme ·of the will and render it inoperative so far as his widow, in whom he evidently had great confidence, and who appears to have been the first object of his bounty, is concerned.· Much more might be said but the whole matter has been so well and intelligently discussed by the learned judge below, that further comment is unnecessary.

> The decrees are affirmed and the appeals dismissed at the costs of the appellant.