## Mershon Estate. No. 2

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Ballard, Spahr, Andrews & Ingersoll*, for respondent.

*Robert C. Kitchen*, for petitioners.

KLEIN, J., November 25, 1949.—We have previously sustained preliminary objections to a petition to open and review the adjudication of Bolger, J., of June 18, 1946, granting leave to petitioners, however, to file an amended petition within 30 days. The matter is now before us again on preliminary objections to an amended petition.

Petitioners have failed to convince us that they are entitled to the review which they are seeking. We need not again set forth the statement of facts nor the other discussion contained in our opinion of May 27, 1949: Mershon Estate, 67 D. & C. 571.

The transactions upon which the request for the review was based took place, according to the amended

petition for review, "during the years between 1924 and 1933." Petitioners have admitted that the trustee furnished them with a statement of account in 1941 showing that the Philadelphia Company stock in question was worthless. They also admit that the trustee notified them of the filing of its account on April 30, 1946, in which account the fact that the stock was worthless was clearly set forth. Nothing is contained in the petition which indicates that the trustee did anything to prevent petitioners from making a full and searching inquiry into the circumstances which led to the collapse in value of this stock. We are all of the opinion that petitioners have failed satisfactorily to explain their long delay in challenging the trustee's management of this estate and are barred by their laches from obtaining the relief which they seek.

The audit of a fiduciary's account is a formal legal proceeding, established under our system of jurisprudence as the time and place at which all beneficiaries and other interested parties must appear to voice any objections they may have to the fiduciary's management of the estate. Failure to appear and object at the audit operates as a conclusive bar to the raising at a later date all objections which could have been made at the audit. The adjudication of the court places the imprimatur of the law upon the accountant's stewardship for the period covered by the accounting.

It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate. All beneficiaries are chargeable not only with such information as was known to them at the time of the audit but also with what they could have discovered by exercising reasonable diligence.

In Taylor v. Coggins, 244 Pa. 228 (1914), the court said, at page 231:

"Laches is not excused by simply saying: 'I did not know.' If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. The test is not what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.' Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co., 167 Pa. 136."

See also Thorne's Estate, 344 Pa. 503 (1942); Barnes & Tucker Co. v. Bird Coal Co., 334 Pa. 324 (1939); Johnson et al. v. Hobensack, 318 Pa. 305 (1935); Kull v. General Motors Truck Co., 311 Pa. 581 (1933); Bailey's Estate, 291 Pa. 421 (1928); Kinter v. Commonwealth Trust Co., 274 Pa. 436 (1922); Finley's Estate, 196 Pa. 140 (1900); Gosner's Estate, 133 Pa. 528 (1890); Scott's Appeal, 112 Pa. 427 (1886); Le Moyne's Appeal, 104 Pa. 321 (1883); Milligan's Appeal, 82 Pa. 395 (1876); Green's Appeal, 59 Pa. 235 (1868); Hartman's Appeal, 36 Pa. 70 (1859); Riddle's Estate, 19 Pa. 431 (1852); Barr's Estate, 43 Pa. Superior Ct. 540 (1910); Stetler's Estate, 39 Pa. Superior Ct. 91 (1909); Kachline's Estate, 7 Pa. Superior Ct. 163 (1898); Hartmann's Estate, 38 D. & C. 310 (1940).

The transactions between the corporate trustee and the Philadelphia Company for Guaranteeing Mortgages were so widely publicized and so commonly known that the facts upon which petitioners now rely would have been known to them years ago if they had made any sort of reasonable inquiry.

Petitioners, in order to excuse their own negligence, have attempted to transpose the responsibility for their laches upon the auditing judge and Mr. Liebert, the guardian and trustee ad litem appointed by him at the time of the audit in 1946.

They suggest that because Judge Bolger was an assistant United States attorney in 1935 and 1936, and in that capacity participated in the investigation of

the affairs of the Philadelphia Company for Guaranteeing Mortgages, it was his duty at the audit to serve as a special advisor to the cestuis que trustents. This is, of course, completely without reason or merit. The investigation by the United States Attorney's Office resulted in indictments which were subsequently quashed. This was all a matter of public record available to petitioners had they made diligent inquiry. Under these circumstances, the auditing judge was clearly under no duty to doff his judicial robes and assume the role of counsel or consultant for the parties in interest.

Petitioners are also mistaken concerning Mr. Liebert's responsibility at the audit. He did not represent them. He was appointed to act for the two minor children of one of the petitioners and for possible unborn remaindermen. Since petitioners survived their mother, who was the life tenant, the interest of the persons represented by Mr. Liebert never vested and no longer exist. Having no interest in petitioners' cause, it cannot now be said that any of their rights have been prejudiced.

Petitioners, being persons of full age, and having received notice of the filing and audit of the account, should have made a reasonable, diligent, and contemporaneous inquiry to ascertain the causes for the losses in connection with the Philadelphia Company stock. Having failed to act in defense of their rights at the time of the audit, they are therefore now barred by their laches from obtaining the review which they are belatedly seeking.

We therefore enter the following

*Decree*

And now, November 25, 1949, the preliminary objections are sustained, and the prayer of the amended

petition to open and review the adjudication of Bolger, J., dated June 18, 1946, is refused.