Estate of William P. Thomas, deceased. Appeal of Anna H. Thomas.

*Practice, orphans' court—Bill of review—Executors and administrators.*

A bill of review of two partial accounts of executors, asked for by a creditor of decedent's estate, three years after the confirmation of the last account, will not be granted in the absence of new matter or after-discovered proof, or errors of law apparent on the face of the record, where the petition fails to aver that the items complained of had not been paid out since the confirmation, and merely avers that certain of the creditors had been paid in full; it not being enough that the accounts suggest that business was conducted, expenses incurred, and payment made of an irregular and questionable character, such as, on proper and timely exceptions and proof of loss to the estate and disadvantage to the exceptor, might have deprived accountants of some credits.

Argued Feb. 10, 1898. Appeal, No. 4, Jan. T., 1898, by Anna H. Thomas, from decree of O. C. Chester Co., sustain-

ing demurrer to petition for bill of review.  Before GREEN,
McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for bill of review.

The petition of Anna H. Thomas represents that she is the
widow of William P. Thomas, deceased, and a creditor of his
estate; that he died on March 29, 1891, leaving a will, proved
April 20, 1891, and that letters of administration were on that
day granted to Benjamin F. Thomas and William Evans, exec-
utors named in said will; that the executors on May 9, 1891,
filed an inventory and appraisement of the personal estate of the
decedent amounting to $19,346.14; that on May 2, 1893, they
filed a first partial account of their administration, which was
duly confirmed by the court, showing no balance due the es-
tate; that on September 29, 1894, the executors filed a sec-
ond partial account, which was likewise confirmed in due course,
showing a balance of $40.85 due the accountants; that the es-
tate of the said decedent is insolvent, the assets thereof being
insufficient to pay the debts of the decedent, and that there are
errors in said accounts which the petitioner specifically sets out
as follows:

1. In neither have the executors charged themselves with the
amount of the inventory and appraisement.

2. They have not converted or charged themselves with the
proceeds of all the real and personal estate of the decedent.

3. They have, in both accounts, improperly and unlawfully
taken credit for the expenses of farming operations and com-
pensation to themselves therefor, which credits are manifest on
the face of the accounts, and with which the accountants should
be surcharged.

4. They have, in both of said accounts craved credit for pay-
ments to creditors of said estate; with which payments they
should be surcharged.

[The items are here set forth.]

They have improperly mingled their accounts of administra-
tion with their accounts of the conduct and operation of farming
business to such an extent that it is impossible to distinguish
them; both said partial accounts need revision and restatement;
the payment of certain of the creditors for which credit is taken

in said accounts constitutes an unjust discrimination in their favor to the prejudice of the petitioner.

The executors demurred to the petition.

BUTLER, J., filed the following opinion:

The petition avers neither new matter nor after-discovered proof. Indeed it was conceded on the argument that the demurrer must be sustained unless errors in law appear, as specified in the petition, upon the face of the accounts ; upon the body of the decree: Russell's Admr's App., 34 Pa. 258. We are satisfied that the petitioner's specifications fail to point out any such errors. It may be that the accounts suggest that business was conducted; that expenses were incurred, and that payments were made of a somewhat irregular and questionable character, such as upon exceptions having been interposed at the proper time and proof having been made of loss incurred by the estate and disadvantage suffered by the exceptor, might have deprived the accountants of some of the credits claimed. It is probable that if exceptions had been taken to the credits claimed for payments in full to creditors of the estate, and it had been made to appear that there were other creditors, and that there was reason to doubt whether the estate would pay in full, the accounts might have been modified. However this may be, we are satisfied that none of the matters specified in the petition constitutes error in law apparent on the face of the record. They are matters, not void but voidable, at most, only on proof of extrinsic facts. It may further be noted that the petition fails to aver that the accountants have not paid out the items since the confirmation under the adjudicated accounts. This in itself would seem to be fatal under the authority of Russell's Admr's Appeal, supra.

Aside from the consideration adverted to we are convinced that at this late day, more that four years after the confirmation of the first account and more than three years after the confirmation of the second account, without any allegation of fraud or concealment—counsel on argument having stated that the petitioner waited in part at least because she thought the estate would prove solvent and pay her in full—the petitioner cannot justly ask for the opening of the decrees, but to the extent that the adjudications may affect her rights must be content; and

must be satisfied with such rights as remain to her. See Penna. R. Co.'s Appeal, 125 Pa. 189, and cases cited on page 203.

It is not at all clear that the confirmation of the accounts containing claims for credits for payment in full to certain creditors will prevent the petitioner from holding the accountants responsible upon a deficiency of assets for her pro rata share of the assets distributed or distributable to creditors. Furthermore, if there be matters in these accounts which have no place in an account, and it be true, as argued by counsel for the petitioner, that as to such matters the decree of confirmation is not binding, then as to such matters the petitioner has no need to have the decree opened, and does not require the relief she here seeks.

The demurrer is sustained.

*Error assigned* was in sustaining demurrer.

*R. T. Cornwell*, with him *John J. Gheen* and *Gibbons Gray Cornwell*, for appellant.—In the case of an insolvent estate, payment of debts, other than preferred, is distribution and not administration: Overfield's Est., 37 Leg. Int. 62; White's Est., 2 Pa. Dist. Rep. 207; Miskimins's Est., 35 P. L. J. 92; Pry's App., 8 Watts, 255; Keech v. Rinehart, 10 Pa. 240; Whelen's App., 70 Pa. 410.

Payments by way of distribution are not part of an administration account, and a confirmation of an executor's account is a conclusive decree only as to such matters as are properly embraced in it; it is not conclusive as to matters not so embraced; and neither such confirmation, nor the laches of creditors will protect the executor from a devastavit: Leslie's App., 63 Pa. 355; Jones's App., 99 Pa. 124; Montgomery's App., 92 Pa. 202; Scott on Intestate Law, 430; Ferguson v. Yard, 164 Pa. 586; Carson v. McFarland, 2 Rawle, 118; Musser v. Oliver, 21 Pa. 362; Cramp's App., 81 Pa. 90; Schaeffer's App., 119 Pa. 640; Johnson's App., 114 Pa. 132; Milne's App., 99 Pa. 483.

The confirmation of an executor's account is a conclusive decree as to such matters only as are properly embraced in it. It is not conclusive as to matters that are not embraced in it, nor as to such as have no business in it: Robbins's Est., 180 Pa. 630; Jones's App., 99 Pa. 124; Russell's App., 34 Pa. 258.

*Alfred P. Reid,* with him *J. Frank E. Hause,* for appellees. —Under the Act of October 13, 1840, P. L. (1841) 1, an account settled and confirmed by the orphans' court can be reviewed only for error apparent on the face of the record, or for new matter which has arisen since the decree. As a matter of grace, a review may be granted for proof discovered after the decree, which proof could not possibly have been used at the time when the decree was made: Priestley's App., 127 Pa. 420; Adams's Est., 183 Pa. 134.

The confirmation of a partial account of executors is as conclusive as a confirmation of a final account: Galloway's App., 5 Pa. Superior Ct. 272; Rhoads's App., 39 Pa. 186; Froos & Loomis's App., 105 Pa. 258.

The notice by an advertisement, directed by law, that an account has been filed and will be presented to the orphans' court for confirmation, is effective upon any person or persons entitled to come in and object to the decree: Priestley's App., 127 Pa. 420.

A decree settling an account decides every item of it and fixes the balance: Yeager's App., 34 Pa. 173; Christman's Est., 1 Woodward, 187; LeMoyne's App., 104 Pa. 321; Scott's App., 112 Pa. 427.

Where the petition for a bill of review of an account confirmed alleges no error of law apparent on the face of the record, but error in the amount of commissions allowed to accountant, determinable on the facts, and there is no allegation of after-discovered testimony, the petition should be refused: Priestley's App., 127 Pa. 420; Hartman's App., 36 Pa. 70; Milligan's App., 82 Pa. 389.

PER CURIAM, February 28, 1898:

The reasons given in the opinion of the learned court below for sustaining the demurrer in this case and refusing a bill of review are quite sufficient to sustain the action of the court, and we affirm the decree upon the opinion filed. We do not mean however to deny any rights of the petitioner which she may have by reason of a devastavit, or upon exceptions to the third or any subsequent account which may be filed. Upon those subjects we decide nothing except that all the rights of the petitioner are reserved.

Decree affirmed.