## Bickford's Estate.

*Bill of review—Orphans' court practice—Executors and administrators.*

The account of an administrator or executor duly audited and confirmed by the orphans' court can only be reviewed as a matter of right, (1) for error of law apparent on the face of the record; (2) for new matter which has arisen since the decree; and (3) as a matter of grace, for the admission of proof (discovered after decree), which could not have been used when the decree was made.

An administratrix's account which has been duly audited and confirmed by the orphans' court will not be reviewed where the administratrix was guilty of negligence in not ascertaining during a long period of time running both before and after the filing and adjudication of her account, that certain moneys which she had intrusted to her attorney for deposit, and which she had charged herself in her account as confirmed, had not been deposited to her credit in bank pursuant to her contract with her surety, and in failing promptly to compel the attorney to deposit the amount or repay the fund.

Argued Feb. 14, 1901. Appeal, No. 10, Feb. T., 1901, by Carrie E. Bickford, administratrix, from decree of O. C. Clinton Co., refusing bill of review in the estate of Frederick A. Bickford, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for bill of review.

From the record it appeared that Carrie E. Bickford was the widow and administratrix of Frederick A. Bickford. Bickford was accidentally drowned, and the attorney for Mrs. Bickford collected $2,132.35 from an accident insurance company. The check for the money was made payable to Mrs. Bickford, who indorsed it to the order of her attorney. Instead of depositing the money in Mrs. Bickford's account, the attorney deposited it in his own and subsequently died insolvent. This transaction took place in August, 1897. It appeared that Mrs. Bickford had a contract with her surety, the American Surety Company, by which she was to deposit all moneys of the estate in the First National Bank of Lock Haven. On March 21, 1898, the administratrix filed her account in which she charged herself with the sum of $2,132.35, being the amount received from the insurance company. On April 1, 1899, the account was confirmed absolutely. On July 23, 1900, the petition for the bill of review was filed. The court in an opinion by MAYER, P. J., dismissed the petition.

*Error assigned* was the decree of the court.

*C. S. McCormick*, for appellant.—The court below had ample power to correct the error of its original decree, either under or independently of the act of October 13, 1840. Nothing had been done under the decree, and if it was erroneous, it ought to be corrected in the interest of justice and by the court that made it: Parker's App., 61 Pa. 478; Bishop's Est., 10 Pa. 471; Gillen's App., 8 W. N. C. 499; Whelen's App., 70 Pa. 410; Kinter's App., 62 Pa. 322.

The administratrix was not liable for the defalcation of her attorney: Calhoun's Est., 6 Watts, 185; Moore's App., 10 Pa. 438; Chambersburg Saving Fund Association's App., 76 Pa. 203; Webb's Est., 30 Atl. Repr. 828; In re Bartol, 182 Pa. 407.

*W. C. Kress*, with him *B. F. Geary*, for appellees.—An account settled and confirmed can be reviewed only for error of law apparent on the face of the record or for new matter which has arisen since the decree, and that even as a matter of grace,

a review may be granted only for new proof discovered after the decree, which proof could not possibly have been used at the time the decree was made: Russell's Appeal, 34 Pa. 258; Hartman's Appeal, 36 Pa. 70; Milligan's Appeal, 82 Pa. 389; Scott's Appeal, 112 Pa. 427; Priestley's Appeal, 127 Pa. 420; Thomas's Appeal, 184 Pa. 640; Finley's Estate, 196 Pa. 140; Riddle's Est., 19 Pa. 431; Young's App., 99 Pa. 74.

OPINION BY WILLIAM W. PORTER, J., March 19, 1901:

The appellant is the administratrix of her deceased husband's estate. She collected certain assets and included them in her sworn account filed in the orphans' court in March, 1898, about eighteen months after the decedent's death. The account was referred to an auditor and on April 1, 1899 (after exceptions thereto had been argued before the court), his report was confirmed absolutely. On September 28, 1900, the administratrix filed the petition now before us, praying for a rehearing, and alleging that there were errors in the account previously adjudicated. The court below dismissed the petition and in so doing committed no error.

In the account as filed and adjudicated, the administratrix included an item of $2,132. This amount was received by her in settlement of a certain claim for accident insurance. A draft for the money was drawn to her order and a receipt was given by her. She indorsed the draft to the order of her attorney, that he might deposit it to her credit in bank, pursuant to her contract with her surety. It never was deposited by the attorney, who, as it appears, appropriated the money and died insolvent. The petition shows that the administratrix treated the item in her account as if the money was in her personal possession or control. She seems to have made no inquiry respecting the disposition made of the draft by the attorney, from August 4, 1897, until the spring of 1900. She says that nothing was said or done with reference to the item in the account at the hearing before the auditor.

It is well settled that the account of an administrator or executor duly audited and confirmed by the orphans' court, can only be reviewed as a matter of right (1) for error of law apparent on the face of the record; (2) or for new matter which has arisen since the decree; and (3) as a matter of grace, for

the admission of proof (discovered after decree), which could not have been used when the decree was made: Scott's Appeal, 112 Pa. 436, and cases cited; Priestley's Appeal, 127 Pa. 420; Thomas's Estate, 184 Pa. 640; Kachline's Estate, 7 Pa. Superior Ct. 163.

(1) No error of law is shown upon the face of the record before us. (3) There was no controversy upon the item, now said to be erroneous, at the audit, and after-discovered proof is not, therefore, a reason for opening the decree. Thus, are eliminated all but one of the grounds upon which a review may be granted, namely, (2) that new matter has arisen since the decree was entered. The only new matter which seems to be alleged is that the accountant has discovered that the attorney, to whom she intrusted the funds represented by the accident insurance money, has appropriated the same. But here the petition itself discloses a clear failure of duty upon the part of the petitioner. We may apply to this case the language used in Le Moyne's Appeal, 104 Pa. 321: "It is true in his petition he alleges that since the final confirmation of the account, he has become aware of gross error therein, but he wholly omits to state any reason why he did not, or could not, by the exercise of reasonable diligence, have discovered all these errors before the account was finally confirmed." See also Scott's Appeal, supra. The petitioner cannot be permitted to have a decree (entered upon her own representations) opened upon allegations of facts which were or should have been known to her when the decree was entered: Finley's Estate, 196 Pa. 145. The administratrix was guilty of negligence in not ascertaining during the long period of time running both before and after the filing and adjudication of her account, that the money intrusted to her attorney for deposit had not been deposited in accordance with her known obligation, and in failing promptly to compel his deposit or repayment of the fund.

The decree is affirmed.