## Straus Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*I. Finkelstein* and *Elihu A. Greenhouse,* for petitioner.

*Raymond M. Remick, C. Leo Sutton* and *Joseph C. Henry,* for respondents.

SINKLER, J., May 7, 1948.—The account of Arthur S. Arnold as surviving trustee was adjudicated by me

on August 13, 1943. Sur petition of Alma H. Kline, executrix of the estate of Arthur S. Arnold, surviving trustee of the estate of Emanuel Straus, deceased, a decree was entered by me on December 19, 1947, that a citation be issued, addressed to the parties therein named, to show cause why the decree of confirmation of said account should not be vacated and reviewed insofar as the rights of petitioner are concerned. Answers to the petition have been filed by Girard Trust Company, trustee of the estate of Laura Straus, by C. Leo Sutton, attorney for Alice Straus Bernheimer, M. Frank Straus, Harry C. Straus and Carolyn Straus Parke, and by Thomas M. Dougherty and Land Title Bank and Trust Company, surviving executors under the will of Frederick G. Nixon-Nirdlinger, deceased. These answers raise the question, inter alia, respecting the joining as parties respondent attorneys representing certain parties in interest.

The case was argued before the court en banc on March 15, 1948. A stipulation was entered into on that date between petitioner, C. Leo Sutton, attorney as aforesaid, and Raymond M. Remick, attorney for the executors of the will of Frederick G. Nixon-Nirdlinger, to the effect that said Sutton and Remick are not to be considered as parties in interest in said estate, having been improperly designated so in the petition for review. It continues, that the petition for review be further amended by substituting as respondents the parties therein named.

Arthur S. Arnold died before complete distribution of the estate was made in accordance with the schedule of distribution. Alma H. Kline, the executrix of his will, filed an account in the aforementioned trust. At the audit before Bolger, J., on April 3, 1947, and subsequently, exceptions were filed to certain items in the account. Also it was contended that if Arnold had any claim for moneys advanced he had had his opportunity to present his claim at the audit before

me; that no evidence existed to indicate any error of law; and that there were no new facts not in existence at the time of the audit before me; and that the prior account and schedule of distribution were binding. This contention was sustained by Judge Bolger, who ruled that the only remedy available to the executrix of the will of the deceased trustee was to seek to open by adjudication by a bill of review. See Osterling's Estate, 337 Pa. 225, for a recent statement concerning the law with respect to the right to a review.

No lengthy résumé of the remedy sought is necessary. It is sufficient to recite that it relates to advances made by Arnold in connection with certain real estate owned by decedent. These were set forth in the memorandum attached to the previous account, but no credit was taken for them in the account. He was trustee, also counsel for the estate. His failure to take credit for these items indicates that he either was not entitled thereto or that he did not wish to make the claim.

The petition is faulty, both in form and in substance; in form because counsel for the parties have been cited instead of the parties themselves. This defect has been remedied by the stipulation above referred to. Other fatal defects exist. It is mandatory that petitioner should aver that distribution had not been made: Thomas' Estate, 184 Pa. 640. No such averment is contained in this petition because, as a matter of fact, distribution of one half of the estate has been made and a schedule of distribution approved, Mr. Arnold, himself, being one of the distributees.

This matter is being heard on petition and answer, without proofs. Consequently, petitioner must accept as true the averments in the answers. See DiTrolio et al. v. Parisi et al., 317 Pa. 507. In the present case a responsive answer was filed, in which it was alleged that most of the money which was advanced by Mr.

Arnold was in his individual capacity and not as trustee for the estate.

As to the entire claim, the circumstance above recited is conclusive: that Arnold at the prior accounting failed to take credit, or to present his claim. The rights of his estate presented by the executrix of his will can rise no higher than his rights while living, and which he waived.

The petition of Alma H. Kline, executrix of the estate of Arthur S. Arnold, surviving trustee of the estate of Emanuel Straus, deceased, is dismissed.