# Rees's Estate.

*Decedents' estates—Executors and administrators—Accounts— Confirmation—Review—Petition for review—Counsel fees—Reasonable fees—Distribution—Ancillary administration—Manner of stating account—Jurisdiction, O. C.*

1. A petition for a review of an account settled and confirmed in the Orphans' Court is properly dismissed where it does not show either an error of law apparent on the face of the record, or new matter which has arisen since the decree, or the subsequent discovery of new evidence which could not have been obtained previously by the use of due diligence.

2. A testator dying in Wyoming, unmarried and without issue, left one-fifth of his estate to a brother living in Pennsylvania and the remainder to his other brothers and sisters, living in Wales. The devisee of the one-fifth of the estate was not found, and the brothers and sisters in Wales filed depositions with the Orphans' Court of Wyoming that such devisee had never married and was supposed to be dead. The Wyoming court decreed distribution and found that the devisee of the one-fifth had died previous to testator's death, intestate, unmarried and without issue and that the legacy had lapsed, but before distribution was actually made, it appeared that such devisee was alive at the time of testator's death and had since died intestate leaving a widow but no issue. An administrator was appointed for the estate of such devisee in Pennsylvania and ancillary letters of administration were taken out in Wyoming. The account was filed in Pennsylvania showing a balance for distribution. Exceptions to the account were sustained in part, the accountant being surcharged with a portion of the fees paid his counsel, the court reducing the amount of the fee. Thereafter the account was confirmed absolutely. Subsequently the administrator petitioned for a re-hearing alleging that certain letters not previously produced would show that the Welsh heirs in testifying regarding the alleged death of accountant's decedent were guilty of fraud and perjury. *Held,* the Orphans' Court did not err in dismissing the petition, on the ground that such letters bore no relevancy to the determination of the amount of the counsel fees to be allowed.

3. In such case where the Pennsylvania administrator instead of charging himself in his account with the amount actually received by him, charged himself with the full amount received by the ancillary Wyoming administrator from the original estate and

proceeded to off-set this extra charge in part by an entry on the other side of the account, in which he took credit for the payment of the costs and expenses in Wyoming but did not claim any credit for the payment of a sum which had been paid by the ancillary administrator to the widow in partial distribution, and the account was absolutely confirmed, and no exceptions thereto were taken, the court did not err in subsequently refusing to allow a reduction of the debit side of the account at the instance of the widow.

4. In such case the court made no error in deciding that it was without jurisdiction to surcharge the Welsh distributees with the costs and expenses of the ancillary administration in Wyoming, where the original estate was distributed.

Argued April 15, 1914. Appeals, Nos. 93, 141 and 374, Jan. T., 1914, by J. F. Snyder, administrator, Kate Rees, widow, and J. F. Snyder, administrator, respectively, from decree of O. C., Luzerne Co., 1908, No. 386, refusing a rehearing upon exceptions to administrator's account, and dismissing exceptions to report of audit in Estate of Lewis Anthony Rees, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition of J. F. Snyder, administrator, for a rehearing on exceptions to his account. Before FREAS, P. J.

Exceptions to audit. Before FREAS, P. J.

The opinion of the Supreme Court states the facts.

The court refused the petition and dismissed the exceptions. J. F. Snyder appealed from the decree refusing the petition for a rehearing. Kate Rees, widow of Lewis Anthony Rees, deceased, and J. F. Snyder, administrator, appealed from the decree of the court dismissing the exceptions.

*Error assigned* in appeal No. 93 was in refusing a rehearing.

*Rush Trescott* filed a paper book for appellant.

*Benjamin R. Jones,* for appellees.

*Errors assigned* in appeals Nos. 141 and 374 were in dismissing the exceptions.

*Edmund G. Butler,* for appellant.—The appellees attempted by fraud and perjury to deprive the decedent's widow of her share in the estate of David Rees and should bear the expenses of the ancillary administration. The costs and expenses of the ancillary administration together with the cost of contest against fraud, perjury and imposition in the Wyoming court should be paid by the appellees: Kauffman's App., 112 Pa. 645; Price's Est., 81 Pa. 263; LaBar's Est., 181 Pa. 1; Martin's App., 23 Pa. 433; Mintzer's Est., 163 Pa. 484; Lusk's Est., 150 Pa. 517.

*Benjamin R. Jones,* with him *Evan C. Jones,* for appellees.—The refusal of the court to charge the collateral heirs of decedent with the costs and expenses of the ancillary administration of the estate of Lewis Anthony Rees in the State of Wyoming was correct: Mintzer's Est., 163 Pa. 484; Lusk's Est., 150 Pa. 517; Stokely's Est., 19 Pa. 476.

The court did not abuse its discretion in refusing to allow counsel for the administrator one-third of the total assets of the estate: Good's Est., 150 Pa. 307; Mumma's App., 127 Pa. 474; Sloan's Est., 161 Pa. 237; Shoenberger's Est., 211 Pa. 99.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

Arising out of the same state of facts, we have here three appeals from the decree of the Orphans' Court of Luzerne County, in the estate of Lewis Anthony Rees, deceased. These appeals were argued together, and will be disposed of in one opinion.

The following facts are not in dispute. David Rees died at Evanston, Wyoming, on December 30, 1906, un-

married and without issue, and leaving an estate valued at upwards of $50,000. By his will, he left one-fifth of the estate to his brother, Lewis Anthony Rees, and the remainder to his brothers and sisters living at Swansea, Wales, which was his native place. Depositions of his brothers and sisters, and other witnesses, were taken at Swansea, under a commission from the Orphans' Court, in Wyoming. These depositions were to the effect that Lewis Anthony Rees never married, and was supposed to have perished in the year 1889 in the Johnstown flood. Upon this testimony, the Wyoming court made a final decree of distribution, which contained a finding of fact that Lewis Anthony Rees had died previous to the death of David Rees, intestate, unmarried, and without issue, and that the legacy to him had therefore lapsed. The entire fund for distribution was therefore ordered to be distributed among the testator's brothers and sisters, and the children of deceased brothers and sisters in Wales. But before distribution was actually made, it was discovered that Lewis Anthony Rees did not die unmarried, in the year 1889, but was living at Mountain Top, Luzerne County, Pa., at the time of the death of David Rees, and was married. His death occurred on January 15, 1908, intestate, leaving a widow, Kate Rees, but no issue. The widow employed Rush Trescott, Esq., a member of the Luzerne County bar, to represent her, and letters of administration on the estate of Lewis Anthony Rees were, at her request, granted to J. F. Snyder, postmaster at Mountain Top, who also engaged Mr. Trescott to act as counsel for the estate. There being no funds with which to pay counsel fees or expenses, the administrator made an agreement with Mr. Trescott, to pay him a contingent fee of one-third of whatever amount he should recover for the estate, together with his expenses. The identity of Lewis Anthony Rees was established, and ancillary letters of administration on his estate were taken out in Wyoming, and his share of the estate of David Rees, was

awarded to the ancillary administrator. On the settle-
ment of the last account, the Pennsylvania administra-
tor charged himself with the receipt of $9,011.40 from
the ancillary administrator in Wyoming. In connec-
tion with the proceedings in Wyoming, it became neces-
sary for Mr. Trescott to go to Evanston, and to Salt
Lake City, being absent on the trip twenty-three days.
In his account, the Pennsylvania administrator, J. F.
Snyder, claimed credit for the payment to Mr. Trescott
of his expenses on this trip, and with the payment to
him, under the agreement, of one-third the amount re-
covered, being $3,003.80. To the allowance of these
credits, exceptions were filed, which the auditing judge
sustained in part, surcharging the accountant with the
sum of $2,013.40. The adjudication on the exceptions,
was filed February 7, 1913, and confirmed absolutely.
On March 24, 1913, the accountant, J. F. Snyder, admin-
istrator, filed a petition alleging that certain letters,
which had been mislaid and not produced at the audit,
and which tended to prove fraud and perjury in the
testimony of some of the witnesses in Swansea, Wales,
in regard to the marriage and supposed death of Lewis
Anthony Rees, had been found, and praying that the
case might be re-opened for the purpose of introducing
these letters in evidence. A rule to show cause why the
prayer of the petition should not be allowed was granted,
and on September 2, 1913, was dismissed by the court.
The petitioner has appealed, the appeal being No. 93,
January Term, 1914.

Upon the audit for distribution, as appears by the
record of the auditing judge, counsel for the widow
moved to strike out of the administrator's account, and
remove from the fund for distribution, two items, aggre-
gating $2,250, which were included in the sum of
$9,011.40, with which the administrator had charged
himself as coming from the David Rees estate. This
sum of $2,250, was the amount claimed to have been
paid by the ancillary administrator to the widow of the

decedent, as partial distribution of the estate of Wyoming. The auditing judge held, that the motion was in effect an effort to obtain a review of the administrator's account, for which no legal or equitable reason was given, and therefore refused it. Counsel for the widow also moved that the costs and expenses of the ancillary administration in Wyoming, be charged against the collateral heirs of the decedent. The auditing judge held that this was not a matter within his jurisdiction, and that he could do nothing more than to distribute the balance shown by the administrator's account, as restated by the court. He therefore awarded one-half of the balance to the widow, and divided the other half among the collateral heirs, and next of kin of the decedent. On behalf of the widow, and on behalf of the administrator, exceptions were filed, which were dismissed, and the report of the audit was confirmed absolutely. The widow has appealed, her appeal being No. 141, January Term, 1914, and the administrator has also appealed, his appeal being, No. 374, January Term, 1914.

In the first appeal of J. F. Snyder, administrator, at No. 93, January Term, 1914, the decree dismissing the petition to review the audit of the administrator's account is assigned as error. On exceptions to this account the court below surcharged the accountant with the sum of $2,433.17. It consisted in great part, of a reduction in the amount of counsel fees, for which credit was claimed, the allowance being reduced from $3,003.80 to $990. The agreement was, that counsel should receive one-third of whatever amount might be recovered from the estate of David Rees, deceased. The total amount so recovered was entered in the account as $9,011.40, but this was the full amount received by the Wyoming administrator, and the expenses, and a partial distribution made there to the widow, reduced the actual amount received by this accountant to $5,375.84. The court below held that the amount claimed as compensation for services as counsel was unreasonable, and

allowed instead the sum of $990, surcharging the accountant in this item, with the sum of $2,013.80. To this surcharge no exception was filed, and the account as amended, was confirmed absolutely. Subsequently appellant petitioned the court to reopen the case and grant a rehearing, in order that certain letters might be produced in evidence. These letters were in the possession of the appellant prior to the hearing, but had been mislaid and were not produced. They were afterwards found. The letters tended to show, that testimony given by the writers in connection with the proceedings in Wyoming, to the effect that Lewis Anthony Rees had never married, and had lost his life in the Johnstown flood, was known by them to be false. The court below in its opinion refusing to grant a rehearing says, "The effect of the letters, if admitted in evidence, and they remained unexplained, would be to modify our findings that there was no ground whatever to impute fraud or untruthfulness to the Welsh heirs." We do not see that the motives of the Welsh heirs in giving testimony had any bearing upon the question of the value of services rendered by counsel to the estate. The court below, however, after reviewing the testimony, was still of the opinion, that it had been liberal in its allowance for counsel fees for services rendered. We cannot say that it was wrong in this respect. Aside from this, as the account had been previously confirmed, the court below very properly treated the petition for a rehearing, as an application for a review of the original findings. In Nixon's Est., 239 Pa. 273, in an opinion of the Orphans' Court, affirmed by this court, it was held to be settled law, that the petitioner for a review of an account settled and confirmed in the Orphans' Court, must show one of three things; (1), an error of law apparent on the face of the record; (2), new matter which has arisen since the decree, or (3), the subsequent discovery of new evidence which could not have been obtained previously by the use of due diligence. In the present

case none of these essentials to the granting of a review were found in the petition. It was properly refused.

APPEAL AT NO. 141, JANUARY TERM, 1914.

This is an appeal of Kate Rees, the widow, from the final decree of distribution. It is contended on her behalf that the court below erred in refusing to reduce, by the sum of $2,250, the amount with which the accountant charged himself. This was the sum for which the ancillary administrator in Wyoming, claimed credit as having been paid to the widow in partial distribution. That account showed a balance for distribution of $6,587.81, of which the Wyoming court, after making certain deductions for costs and expenses, ordered the sum of $5,375.84 to be paid over to J. F. Snyder as administrator of the domicile. When the Pennsylvania administrator filed his account, however, he did not charge himself with this balance of $5,375.84, but instead he was charged with the sum of $9,011.40, which was the full amount received by the Wyoming administrator of the estate of Lewis Anthony Rees, deceased. The accountant proceeded to offset this extra charge in part, by an entry upon the other side of the account, in which he took credit for the payment of the costs and expenses in Wyoming, but he did not claim any credit for the payment of $2,250.00, in partial distribution by the ancillary administrator to the widow. The question whether or not this was the proper way to state the account might very well have been raised at the proper time and place, and by a proper party. But it cannot be raised here. This appellant filed no exceptions to the account, and it has been confirmed absolutely. At the last audit, the court below was concerned only with the distribution of the fund then shown to be in the hands of the accountant. It should also be noted that no complaint as to this matter is made by the accountant himself, and if he was satisfied with the way in which the debit side of the account was prepared for him, by his

counsel, this appellant, the widow had no standing to ask to have the amount reduced, even if her application had been at the proper time. It is apparent that the purpose of appellant in asking to have the debit side of the account reduced is to lessen the amount for distribution, so that the distributive shares of the Welsh heirs may be decreased, and the total amount of her own share increased. This would follow if the $2,250.00 paid her in Wyoming be accounted for separately.

The court below is also charged with error, in holding that it had no jurisdiction to entertain the motion to surcharge the Welsh distributees with the costs and expenses of the ancillary administration in Wyoming, in the proceedings in that state to collect the share of Lewis Anthony Rees in the estate of David Rees. We agree with the court below that this was a matter for the determination of the Wyoming court, and that if the question was to be raised at all, it should have been raised in that jurisdiction. The estate of David Rees was distributed entirely in Wyoming, part of it to the ancillary administrator of Lewis Anthony Rees, and part of it to the Welsh legatees. When the distribution was made, any one interested in the estate of Lewis Anthony Rees, had the opportunity to raise any question, as to the proper division of the costs and expenses, as between the various distributees. Not having done so, all parties in interest are concluded by the decree of the Wyoming court, and the question cannot properly be raised in the present distribution. It is a mere coincidence, that the collateral heirs of Lewis Anthony Rees are the same persons, as those to whom four-fifths of the estate of David Rees was awarded by the Wyoming court. If Lewis Anthony Rees had left issue, or had died testate, it would have been otherwise. In that event the right of his estate to compel other legatees of David Rees to bear the costs and expenses, which are here in question, would necessarily have been determined in Wyoming. In the present proceeding, as the court

below very properly held, the only matter with which it had to deal, was, "the distribution of the amount found due on the settlement of the administrator's account." We find no merit in any of the assignments of error, filed on behalf of the appellant, Kate Rees.

In the appeal at No. 374, January Term, by J. F. Snyder, administrator, appellant seeks to raise the same question as that raised under the appeal of Kate Rees, widow, with respect to charging the costs and expenses of the Wyoming administrator, against the shares of the Welsh distributees in the present fund. What we have just said upon that question in the Rees appeal, disposes of that point. The court below was clearly right in holding that it was without jurisdiction to consider that matter here.

The decree of the court below is affirmed. The appeals at No. 93, and No. 141, and No. 374, January Term, 1914, are all dismissed. The appellant in each case, to bear the costs of that appeal.