## Smith Estate

*A. Sidney Johnson, Jr.* and *Daniel H. Huyett, 3rd,* for petitioner.

*Donald K. Bobb* and *Edwin H. Kershner,* for respondent.

*Alan M. Hawman, Jr.,* trustee and guardian ad litem.

MUTH, P. J., February 14, 1969.—Frederick A. Smith, administrator of the estate of Helen Moore Smith, has filed his petition requesting a review of our adjudication of February 13, 1968. The petition does not set forth any specific reason justifying review but contains only a general prayer for relief.

F. Leaf Smith died April 10, 1898. By his will he provided that his estate be held in trust for his daughter, Marie C. Smith McGrew, for life, and in the absence of children to his second cousins. Marie C. Smith McGrew died childless February 24, 1967. The trustee, Reading Trust Company, after due investigation, determined that there were 46 second cousins to participate in the distribution of the trust.

The Reading Trust Company has paid and distributed 28 of the shares due legatees as provided for in our adjudication, and 18 shares remain unpaid.

The trustee on October 3, 1967, sent a notice of audit and proposed distribution to all persons known

to be interested in the estate of F. Leaf Smith, including petitioner, Frederick A. Smith, who represented the estate of his father, Frederick William Smith, and his aunt, Annetta Smith, and another aunt, Mary Louise Smith. The notice of audit and proposed distribution contained a chart showing the relatives believed to be alive at the death of F. Leaf Smith and who were entitled to participate in the distribution of the trust. The chart showed that Helen Moore Smith had predeceased F. Leaf Smith. The notice also contained the following instructions: "Unless any corrections or additions are noted and substantiated by any of you to whom this notice is being sent, distribution will be made as proposed." Petitioner received a copy of this notice and this court adjudicated the account of the trustee in an adjudication dated February 13, 1968.

Although petitioner administered the estates of his father, Frederick William Smith, and his two aunts, he did not communicate with the trustee with reference to Helen Moore Smith, who actually was living at the time of the death of F. Leaf Smith. and who died October 13, 1967, in Lansdowne, Delaware County, Pa. Petitioner is her nephew.

The trustee mailed notice to parties in interest on October 13, 1967, and the following day petitioner wrote to the trustee giving certain information pertaining to the estates of his father, Frederick William Smith, and his aunt, Annetta Smith. Correspondence was had between petitioner and the trust company in November of 1967 concerning information needed in order to establish proof of estates which might be entitled to distribution. On July 2, 1968. the trustee sent written notice to petitioner and others, listing the undistributed shares of known parties in interest in the trust from whom no response had been received, and included the name of Helen Moore Smith, aforementioned. Thereupon, petitioner communicated with

the trustee, advising it that Helen Moore Smith had been omitted from the list of parties entitled to distribution. On July 10, 1968, the trust company communicated with petitioner, informing him that it had assumed Helen Moore Smith had died prior to April 10, 1898, and had received no contrary information from anyone prior to the date of the adjudication of this court on February 13, 1968.

Counsel for petitioner at the hearing upon the within petition stated to the court that "the trust company did a good job and review is sought because of a mistake, a perfectly innocent mistake." Despite the fact that petitioner administered the estates of his father and his two aunts, and despite the notice to him of October 13, 1967, containing a schedule of parties in interest and showing that Helen Moore Smith was considered as having predeceased decedent, petitioner took no action with reference thereto until after the letter of July 2, 1968, from the trust company to him listing Helen Moore Smith as the owner of one share from whom no response had been received. Petitioner makes no attempt to explain his lack of response other than stating, "It didn't occur to me that Helen Moore Smith had an interest in the estate." As indicated, he was well aware that his father and his two aunts, who were sisters of Helen Moore Smith, and whom he had known all his life, had similar interests, but as he said, "I didn't conceive that they had similar interests in the F. Leaf Smith estate."

The trust of F. Leaf Smith was distributed into 46 shares, 28 of them having already been paid out and distributed, and 18 remaining unpaid. Of the 18 remaining, five or six shares represent interests from which the trust company has not heard, and which shares probably cannot be distributed. Four of the shares remaining undistributed are to be paid to

known individuals whose names are mentioned at the hearing before this court.

The Fiduciaries Act of April 18, 1949, P. L. 512, sec. 721, provides:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That this section shall not authorize review as to any property distributed by the personal representative in accordance with a decree of court before the filing of the petition."

A petition for a review of an account settled and confirmed in the orphans' court must show one of three things: (1) An error of law apparent on the face of the report; (2) new matter which has arisen since the decree, or (3) the subsequent discovery of new evidence which could not have been obtained previously by the use of due diligence: Nixon's Estate, 239 Pa. 270; Rees's Estate, 246 Pa. 188. Furthermore, a review will not be granted where there was a lack of diligence in discovering the error: LeMoyne's Appeal, 104 Pa. 321; Pincus Estate, 378 Pa. 102.

Petitioner does not contend that an error of law appears on the face of the record, nor that new matter has arisen since the decree, nor that new evidence has been discovered since the adjudication of this court which could not have been obtained previously by the use of due diligence. In fact, it appears from the evidence that petitioner was not diligent in discovering the omission and a communication from petitioner and his counsel charging the trust company with error comes with poor grace from them, because petitioner, in law, has shown no reason why our adjudication should be reviewed.

Alan M. Hawman, Jr., Esq., trustee and guardian ad litem, has filed his report pointing out that petitioner was dilatory in bringing to the attention of the trustee the information about the estate of Helen Moore Smith, and offered as his only excuse for the delay that it never occurred to him that her estate had any interest in the trust. He concludes that petitioner was not diligent in the matter and recommends that the petition for review be dismissed.

However, irrespective of the statute, the orphans' court possesses an inherent discretionary power to correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes and blunders. The relief will be granted where justice and equity require and where no rights have changed and no one will be injured thereby. It is because of the use of this power and only for this reason that we consider permitting a review of our adjudication as requested. Of course, any distribution that has been previously made will remain unaffected by anything that we order in this proceeding, and any expense and costs incident to this proceeding must be charged against the distributive share of petitioner, Helen Moore Smith, deceased, including compensation to Alan M. Hawman, guardian ad litem, in the sum of $150, and costs to the clerk of the orphans' court in the sum of $12.50.

## ORDER

And now, February 14, 1969, the petition of Frederick A. Smith is granted, and our adjudication of February 13, 1968, is opened to include the estate of Helen Moore Smith in the distribution of the funds remaining in the hands of the Reading Trust Company, trustee. . . .